[Civ. No. 7863. First Appellate District, Divison Two.—August 6, 1931.]

MYRTLE JOHNS, a Minor, etc., Appellant, v. LAWRENCE MECCHI, a Minor, etc., Respondent.

MARTHA ATKESON, a Minor, etc., Appellant, v. LAWRENCE MECCHI, a Minor, etc., Respondent.

32

Clifton Hildebrand, Carlton D. Dethlefsen and Thomas F. McCue for Appellants.

Donahue, Hynes & Hamlin for Respondent.

STURTEVANT, J.—The plaintiffs commenced separate actions against the defendant to recover damages caused by the collision of two automobiles. The defendant answered and thereafter both actions were consolidated for the purposes of the trial. In each action judgment went for the defendant and the plaintiffs have appealed.

At about 3 o'clock in the morning, on January 1, 1930, the defendant was driving a Ford automobile north on Sixty-fourth Avenue in Oakland and Ralph Wood was driving a Buick automobile east on Foothill Boulevard. The automobiles collided in the intersection. As to how the accident occurred the testimony is distinctly conflicting. The defendant introduced evidence: That before entering Foot-

hill Boulevard he came to a full stop at the stop sign which is located at the southeast corner of the intersection; that he had a red courtesy light on the left side of his car, which was lighted at the time of the accident; that as he started to leave the stop sign his car was in low gear and that just before he was hit he shifted into second; that before he entered the intersection he looked in all directions and that he saw the Buick nearly a block and a half away; that as he started up he gave the signal for making a left-hand turn; that he continued to give that signal with his hand extending directly to the left until he had to put his hand on his wheel to make the turn; and that during all of that time his hand was out on the left-hand side of his car. The speed limit in that neighborhood was twenty miles per hour, but the defendant introduced evidence that the Buick was traveling over thirty-five miles per hour immediately before the accident. As to nearly every one of these facts the plaintiff introduced at least some evidence conflicting with the evidence given by the defendant, but the conflicts in the evidence were for the jury and not for a court of review.

■ The plaintiffs earnestly press the point that for a distance of fifty feet back the defendant did not continuously give the signal of his intention to make a turn to the left. The distance that intervened between the point where the defendant came to a stop and the point where the accident occurred was about thirty-five feet and during that time defendant was giving the signal. If the defendant stopped exactly at the stop sign then it would appear that he did not have his hand extended directly out while traveling the last fifty feet. However, it is likewise apparent that when he was coming to a stop it was his duty to hold his hand down indicating a stop, and, when he commenced to make the turn, it was his duty to hold his hand straight out to indicate a left-hand turn. (California Vehicle Act, sec. 130, as amended by Stats. 1925, p. 413, sec. 15a.) He could not do both at one and the same time. It is patent that these two calls of the statute, under the facts of this case, are conflicting. If the jury believed the testimony given by the defendant, it was justified in assuming that the defendant made a substantial compliance with the terms of the statute. Moreover, it is absurd to main-

tain that the defendant under the circumstances, for the full space of fifty feet, should have given the signal. Having come to a stop, it would have been necessary for him to back up fifteen feet and then commencing to give the signal drive forward for the distance of fifty feet. Then as he drove forward he must stop again and so on *ad infinitum*.

The plaintiffs also claim that the defendant was intoxicated. The evidence on that subject is that between 8 o'clock and 11 o'clock on the evening before the accident the defendant had four drinks. The accident occurred at 3 o'clock next morning. At the time of the accident it does not appear that he was under the influence of intoxicating liquor. We may not say that the jury erred when it declined to find to the contrary. The plaintiffs also assert that misconduct occurred on the part of the defendant in the trial of the action. The incident arose as follows: After the jury had been selected one of the attorneys for the plaintiffs made an opening statement. When he took his seat one of the attorneys for the defendant immediately arose and proceeded to make the opening statement for the defendant. Toward the close of the latter statement counsel stated: ''We will also show you that at the Highland Hospital, I believe before all of them, that Mr. Wood, the driver of this car in which the plaintiffs were riding said not once but many, many times the accident was all his fault and that he didn't see—Mr. Hildebrand (interrupting): Such testimony would be hearsay as far as the plaintiffs are concerned and we object to any statement of counsel as obvious hearsay. . . . The Court: I don't know—the evidence will be offered, but in any event at this time I will advise the jury that they are not to take as evidence any statement made by counsel at this time.'' Thereafter during the course of the trial the defendant attempted to introduce the declarations so claimed to have been made by Mr. Wood. The plaintiffs objected that the declarations were hearsay. The court sustained the objections. Moreover the court gave instructions fully cautioning the jury that the verdict of the jury must rest on evidence admitted, not on questions, objections to which were sustained, and not on statements of counsel. The plaintiffs claim that they were entitled to a fair trial. No one would

claim to the contrary. However, a most cursory reading of the record discloses that they had an eminently fair trial. We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, concurred.